## ESTATE OF Mary CAMPBELL.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1994.
Decided Dec. 21, 1994.

Edward Titcomb (orally), Waterhouse, Titcomb, Marass, Flaherty & Knight, Sanford, for appellant.

Jeffrey Jones (orally), Jones & Warren, P.A., Scarborough, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

John E. Campbell, a son of Mary Campbell, appeals from a judgment of the York County Probate Court (*Brooks, J.*) appointing his brother, Joseph E. Campbell, as personal representative of Mary's estate and declaring that John holds certain real estate in constructive trust for the benefit of the estate. On appeal, John does not challenge the appointment of the personal representative, but he contends that the court erred by applying the Improvident Transfers of Title statute, 33 M.R.S.A. §§ 1021–1025 (Supp. 1994).[1] We agree, and accordingly vacate that part of the judgment.

■ Mary conveyed two parcels of real estate in York to her son, John, in 1987 while she was living in a nursing care facility. Mary died intestate in 1990, and a dispute arose among her children over the proper disposition of these properties. Joseph E. Campbell, Mary's other surviving son, sought appointment by the Probate Court as personal representative of his mother's estate.

■ At a pretrial conference, the court authorized Joseph to "supplement his pleadings to incorporate requested relief of 'Constructive Trust.'" · Joseph subsequently filed a complaint against John with four counts alleging breach of fiduciary duty, fraud, misrepresentation, and undue influence. John did not answer Joseph's complaint. Moreover, this intermingling of claims contravenes M.R.Prob.P. 2 and 18(a), which require that probate proceedings be separate from civil proceedings. The parties and the court apparently acquiesced in this unique procedure.

Relying solely on 33 M.R.S.A. §§ 1021–1025, the Probate Court declared that the two parcels be held in constructive trust by John for the benefit of Mary's estate. Specifically, the court found that Mary was a "dependent" and "elderly person" as defined in 33 M.R.S.A. §§ 1021(1)(A) and (2). Moreover, it determined that John's relationship with Mary was a confidential and fiduciary relationship as defined in 33 M.R.S.A. § 1022(2). Finding that the transfer of these properties was for less than full consideration and that Mary was not represented in the transfer by independent counsel, the court applied the presumption of undue influence generated by 33 M.R.S.A. § 1022(1), and accordingly imposed a constructive trust on the properties.

John contends that section 1023(1) clearly limits relief to the elderly dependent person or that person's legal representative, and any right Mary may have had pursuant to the statute did not survive her. We need not decide that issue because the Probate Court's reliance on this statute was erroneous for a

---

1. The statute reads in pertinent part:
    **1. Presumption.** In any transfer of real estate or major transfer of personal property or money for less than full consideration by an elderly person who is dependent on others to a person with whom the elderly dependent person has a confidential or fiduciary relationship, it shall be presumed that the transfer was the result of undue influence, unless the elderly dependent person was represented in the transfer by independent counsel. When the elderly dependent person successfully raises the presumption of undue influence by a preponderance of the evidence and when the transferee fails to rebut the presumption, the elderly dependent person shall be entitled to avoid the transfer and be entitled to the relief set forth in section 1024.

33 M.R.S.A. § 1022(1) (Supp.1994).

different reason. The statute applies only to transfers of property that occur on or after August 4, 1988. P.L. 1987, ch. 699, § 2. The transfers at issue in this case both occurred in 1987. Because the Probate Court relied solely on the statute for the imposition of the constructive trust, we must vacate the judgment. On remand, the court should insist that any civil action to determine the existence of a constructive trust, exclusive of the statute, be separate from the probate proceeding. *See* M.R.Prob.P. 2, 18(a).

The entry is:

Appointment of Joseph E. Campbell as personal representative of the estate of Mary Campbell affirmed. In all other respects, judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

